IN RE: Dwight SHANER, Former Magisterial District Judge, District Court 14-3-06, Second Judicial District, Fayette County

No. 10 JD 15

Court of Judicial Discipline of Pennsylvania.

Opinion filed 6/14/2016
Sanction Order filed 8/16/2016

Hon. Robert A. Graci, Chief Counsel, Judicial Conduct Board, James P. Kleman, Jr., Deputy Counsel, Judicial Conduct Board, Heidi F. Eakin, Lemoyne, PA, Counsel for Respondent

BEFORE: Honorable Robert J. Colville, P.J., Honorable Jack A. Panella, Honorable John J. Soroko, Honorable David J. Shrager, Honorable David J. Barton, JJ.

## OPINION

OPINION BY PRESIDENT JUDGE COLVILLE

### FACTUAL BACKGROUND

Facing four counts of allegations concerning his conduct, Respondent Dwight

Shaner, a retired senior magisterial district judge (Former Judge Shaner) has entered factual stipulations (*See* C.J.D.R.P. No. 502(d)) with the Judicial Conduct Board (Board) as follows:

1. The parties stipulate to the authenticity and admissibility of all exhibits set forth at Paragraphs B (1)-(7).[1]

2. This action Is taken by the Board pursuant to the authority granted to it under Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania to file formal charges alleging violations of the Rules Governing Standards of Conduct of Magisterial District Judges and the Constitution of the Commonwealth of Pennsylvania on the part of judges, justices, or justices of the peace, and to present the case in support of such charges before this Court.

3. From January 6, 1986, until December 31, 2013, Former Judge Shaner served as Magisterial District Judge for Magisterial District Court 14-3-06, Fayette County, Pennsylvania,

4. Former Judge Shaner retired from commissioned judicial service on December 31, 2013.

5. As a magisterial district judge, Former Judge Shaner was at all times relevant hereto subject to all the duties and responsibilities imposed on him by the Constitution of the Commonwealth of Pennsylvania and the Rules Governing Standards of Conduct of Magisterial District Judges.

6. Prior to his retirement from judicial service, Former Judge Shaner was the subject of a criminal investigation by the Office of Attorney General (OAG) of Pennsylvania regarding acts undertaken while Former Judge Shaner served as a commissioned magisterial district judge; specifically, Former Judge Shaner's December 13, 2011, dismissal of a criminal complaint filed against Robert Lee Rudnick, the nephew of former Fayette County Assistant District Attorney Linda Cordaro. *See* Board's Exhibit 1, Presentment No. 26, *In re; 36th Statewide Investigating Grand Jury*, 8 Misc.Dkt. 2013, 141 M.D. 2013.

7. Former Judge Shaner was deposed under oath by Board counsel on September 17, 2013, regarding his dismissal of the criminal complaint against Robert Lee Rudnick. *See* Board's Exhibit 6, N.T., Dwight K. Shaner deposition, September 17, 2013.

8. As a result of the OAG's investigation into Former Judge Shaner's activity, the 36th Statewide Investigating Grand Jury returned a Presentment recommending that he be charged with the following offenses: (1) perjury, a felony of the third degree, in violation of 18 Pa.C.S.A, § 4902; and (2) obstructing administration of law or other governmental function, a misdemeanor of the second degree, in violation of 18 Pa.C.S.A. § 5101, *See* Board's Exhibit 1, Presentment No. 26, *In re; 36th Statewide Investigating Grand Jury*, 8 Misc. Dkt. 2013, 141 M.D. 2013.

9. After his retirement from commissioned service but before criminal charges were filed against him, Former Judge Shaner applied for senior magisterial district judge status.

10. Based upon the filing of the criminal charges against Former Judge Shaner, the Board sought his suspension from accepting any assignment as a senior magisterial district judge at Docket No. 2 JD 2014.

---

1. The parties' joint exhibits have been submitted and are of record. Accordingly, they are not appended to this opinion.

11. This Court suspended Former Judge Shaner on October 14, 2014, from any and all duties that he may have then had as a senior magisterial district judge and ordered him to be ineligible to accept any assignments as a senior magisterial district judge.

12. Based on the Presentment, Former Judge Shaner was charged by criminal complaint with the following offenses: (1) perjury, a felony of the third degree, in violation of 18 Pa.C.S.A. § 4902; and (2) obstructing administration of law or other governmental function, a misdemeanor of the second degree, in violation of 18 Pa. C.S.A. § 5101. *See* Board's Exhibit 2, *Commonwealth v. Dwight K. Shaner*, MJ-12303-CR-315-2014 criminal complaint.

13. At Former Judge Shaner's scheduled preliminary hearing, the parties agreed to amend the Criminal Complaint to charge him with one count of hindering apprehension or prosecution by providing false statements to law enforcement, 18 Pa. C.S.A. § 5105(A)(5), in addition to the charges of perjury and obstructing administration of law or other governmental function filed previously.

14. Former Judge Shaner waived his preliminary hearing and the charges were bound over to the Court of Common Pleas of Dauphin County.

15. Thereafter, at *Commonwealth v. Dwight K. Shaner*, CP-22-CR-12-2015, the Commonwealth charged Former Judge Shaner by criminal information with the following offenses: (1) hindering apprehension or prosecution by providing false statements to law enforcement, 18 Pa. C.S.A. § 5105(A)(5), a misdemeanor of the second degree; (2) perjury, a felony of the third degree, in violation of 18 Pa.C.S.A. § 4902; and (3) obstructing administration of law or other governmental function, a misdemeanor of the second degree, in violation of 18 Pa.C.S.A. § 5101. *See* Board's Exhibit 3, *Commonwealth v. Dwight K. Shaner*, CP-22-CR-12-2015 criminal information.

16. On April 6, 2015, Former Judge Shaner pleaded guilty to one count of hindering apprehension or prosecution by providing false statements to law enforcement, 18 Pa.C.S.A. § 5105(A)(5), and was sentenced to 18 months of probation, plus applicable fines and costs. *See* Board's Exhibit 4, April 6, 2015, written guilty plea colloquy, and Board's Exhibit 5, N.T., April 6, 2015, guilty plea and sentencing of Former Judge Shaner.

17. In the written guilty plea colloquy, Former Judge Shaner:

a. indicated that he understood that he gave up certain criminal procedural rights because he was admitting both the facts and his guilt by virtue of his guilty plea.

b. admitted the charges.

c. acknowledged that he wished to plead guilty.

*See* Board's Exhibit 4, April 6, 2015 written guilty plea colloquy.

18. At the guilty plea hearing, the Commonwealth stated the following factual basis for Former Judge Shaner's guilty plea:

[COMMONWEALTH:] Your Honor, had this case proceeded to trial, the evidence would have been as follows: the defendant was a magisterial district judge at District Court No. 14-3-06. Back on December 13th 2011, there was a case scheduled for preliminary hearing in his court, Commonwealth versus Robert [Rudnick]. Mr. [Rudnick] was the nephew of an assistant district attorney who was assigned to the courtroom of Magistrate Shaner at the time.

The assistant district attorney immediately prior to the preliminary hearing recused herself. The arresting trooper

[Joseph Ross] was present in court. He asked for a continuance. That was denied. This was the first listing at the time of the preliminary hearing.

Afterwards, Magistrate Shaner asked the trooper to step into his chambers, wherein it would have been the trooper's testimony that Magistrate Shaner said, hope you understand why I had to dismiss this case. It was because he is the nephew of the assistant district attorney.

That's the evidence, Your Honor. That would be the evidence presented and provides the basis for hindering apprehension or prosecution.

*See* Board's Exhibit 5, N.T., April 6, 2015, (guilty plea and sentencing hearing, at 4-5).

19. After the Commonwealth recited the factual basis for the guilty plea, it asked Former Judge Shaner, "[s]ir, how do you plead today, guilty or not guilty?" Former Judge Shaner responded "[g]uilty." *See* Board's Exhibit 5, N.T., April 6, 2015, guilty plea and sentencing of Mr. Shaner, at 5.

a. Thereafter, the trial court accepted Mr. Shaner's guilty plea and sentenced him. *See* Board's Exhibit 5, N.T., April 6, 2015, guilty plea and sentencing of Mr. Shaner, at 6.

20. Former Judge Shaner has not appealed his sentence for hindering apprehension or prosecution by providing false statements to law enforcement.

21. Contrary to the facts Former Judge Shaner admitted in his written guilty plea colloquy and at his guilty plea hearing on April 6, 2015, he testified before the Board at his September 17, 2013, deposition as follows:

Q [by Board Counsel]: Did you have a private meeting with Trooper Ross after the dismissal?

A [by Mr. Shaner]: **Definitely not.**

* * *

Q: You don't recall saying to [Trooper Ross] that you were dismissing the case because you were catching heat from the DA's office because Rudnick was Linda Cordaro's nephew?

A: **No.**

Q: You never said that?

A: **No.**

Q: So if Trooper Ross said that to us then he'd be lying?

A: **Correct.**

* * *

Q: All right. And you had no other conversation with Trooper Ross that day [December 13, 2011] about this case [Rudnick]?

A: **No.**

* * *

Q: My question is—okay. Let's just cut through it, Judge. Did you meet with Trooper Ross immediately after the Rudnick hearing?

A: Personally?

Q: Yes.

A: **No.**

Q: It didn't happen, right?

A: **No, I can't recall that happening.**

Q: All right. Is there any possibility that he would be lying about that fact?

A: I can't—I don't think as I can—

Q: Do you know him to be a liar?

A: **I know Trooper Ross as an officer. I have respect for Trooper Ross. To call him a liar, I—no, I can't call him a liar.**

Q: So, if he is telling us that you met with him and discussed—

A: **If we met personally or if we met in a courtroom, I think there's a difference.**

Q: Did you speak with him in the courtroom?

A: I may have.

Q: And what did you say at that point?

A: **Oh, I have no idea. I just—it would have been just general conversation. I may have told him, you know, you have the option to refile or something. I have no idea what I would have told him.**

Q: You don't recall saying anything about catching heat from the DA's office?

A: **Definitely that is a lie. That was never said by me.**

Q: So if he said that, he'd be lying?

A: **Yes.**

*See* Board's Exhibit 6, N.T., September 17, 2013, Deposition of Mr. Shaner, at 21-22, 51, 57-59 (emphasis added).

## DISCUSSION

■ In a complaint filed by the Judicial Conduct Board, Former Judge Shaner stands accused of four separate counts of misconduct. Count 1 alleges he violated former Rule 2A of the Rules Governing Standards of Conduct of Magisterial District Judges (which Rule was in effect at the time of the acts in question here.) Former Rule 2A states that:

Magisterial district judges shall respect and comply with the law and shall conduct themselves at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Magisterial district judges shall not allow their family, social or other relationships to influence their judicial conduct of judgement They shall not lend the prestige of their office to advance the private interest of others, nor shall they convey or permit others to convey the impression that they are in a special position to influence the judge.

Former Judge Shaner has clearly violated former Rule 2A by failing to rule im-

partially as set forth in the stipulations he has agreed to.

### In Count 2

In Count 2 Former Judge Shaner is accused of violating former Rule 13 of the Rules Governing Standards of Conduct of Magisterial District Judges (which Rule was in effect at the time of the acts at issue here.) Former Rule 13 states:

Magisterial district judges and all employees assigned to or appointed by magisterial district judges shall not engage, directly or indirectly, in any activity or act incompatible with the expeditious, proper, and impartial discharge of their duties, including, but not limited to, (1) in any activity prohibited by law[.]

Again, it is clear from the stipulations agreed to by the parties that Former Judge Shaner has violated former Rule 13. His conduct in dismissing the criminal complaint against Rudnich for improper reasons clearly violates former Rule 13.

### In Count 3

Former Judge Shaner is accused of violating Article V, § 18(d)(1) of the Pennsylvania Constitution in that his conviction for hindering the apprehension or prosecution of another by making false statements brought the judiciary into disrepute. Former Judge Shaner's dishonesty when testifying under oath before the Judicial Conduct Board at his deposition on September 17, 2013, especially when considered with the other conduct stipulated to, constitutes conduct which brings the judiciary into disrepute.

The actions of a judge in deliberately and improperly dismissing a case and then trying to mislead the authorities investigating those actions as stipulated to here amounts to a stain of disrepute on the judiciary.

**In Court 4**

Former Judge Shaner is alleged to have violated Article V, § 18(d)(1) of the Pennsylvania Constitution by his conviction for hindering apprehension or prosecution by providing false statements and thereby prejudicing the proper administration of justice. Again, the factual stipulations entered into by the parties clearly establish that Former Judge Shaner's conduct prejudiced the administration of justice.

## CONCLUSIONS OF LAW

1. Former Judge Shaner's conduct as stipulated to is:

a. a violation of former Rule 2A of the Rules Governing Standards of Conduct of Magisterial District Judges;

b. a violation of former Rule 13 of the Rules Governing Standards of Conduct of Magisterial District Judges;

c. such conduct that brings the judicial office into disrepute in violation of Article V, § 18(d)(1) of the Pennsylvania Constitution;

d. such conduct that prejudices the administration of justice in violation of Article V, § 18(d)(1) of the Pennsylvania Constitution; and

e. inasmuch as it has been found that Former Judge Shaner's conduct constitutes a violation of former Rules 2A and 13 of the Rules Governing Standards of Conduct of Magisterial District Judges, it is an automatic, derivative violation of Article V, § 17(b) of the Pennsylvania Constitution.

Pursuant to C.J.D.R.P. No. 503, the parties have ten (10) days to file any objections.

## ORDER

PER CURIAM

■ AND NOW, this 16th day of August, 2016, the Court having conducted a Sanction Hearing on August 11, 2016, in consequence of having found that (1) Respondent's conduct in dismissing the criminal charges on December 13, 2011, as more specifically stated in Findings of Fact Nos. 6 & 7, and (2) Respondent's guilty plea on April 6, 2015, to one count of Hindering Apprehension or Prosecution, 18 Pa.C.S.A. § 5105(A)(5), a misdemeanor of the second degree, amounted to:

(a) a violation of former Rule 2A of the Rules Governing Standards of Conduct of Magisterial District Judges;

(b) a violation of former Rule 13 of the Rules Governing Standards of Conduct of Magisterial District Judges;

(c) such conduct that brings the judicial office into disrepute in violation of Article V, § 18(d)(1) of the Pennsylvania Constitution;

(d) such conduct that prejudices the administration of justice in violation of Article V, § 18(d)(1) of the Pennsylvania Constitution; and

(e) an automatic, derivative violation of Article V, § 17(b) of the Pennsylvania Constitution.

The Respondent served as a Magisterial District Judge for Magisterial District Court 14-3-06, Fayette County, Pennsylvania, from January 6, 1986, until December 31, 2013, without incident. No other disciplinary or other conduct related discretions have been brought to the Court's attention other than those stated above. Former MDJ Shaner retired from commissioned judicial service on December 31, 2013, and would ordinarily be eligible for service as a senior MDJ.

The Respondent did not contest the disciplinary charges filed against him but rather stipulated to the factual allegations of the Judicial Conduct Board's Complaint, which were necessary for a disposition of

this case. Additionally, as stated above, the Respondent pleaded guilty in the criminal prosecution against him. Therefore, based upon these admissions by the Respondent, as well as his testimony before the Court at the time of the Sanction Hearing, the Court finds that the Respondent has accepted responsibility for his actions and has shown great remorse for this significant disciplinary transgression on his judicial record.

The Court HEREBY imposes the SANCTION OF REPRIMAND AND CENSURE and it is ORDERED that Respondent henceforth shall not be eligible to accept any assignments as a senior magisterial district judge.